```
                    IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LASTON KAFUTWA | : | CIVIL ACTION |
| v. | : | |
| SOLICITOR GENERAL | : | NO. 13-147 |
| SECRETARY FOR JUSTICE | : | |

**MEMORANDUM**

YOHN, J.                                             JANUARY 16, 2013

Plaintiff Laston Kafutwa filed this civil action against the Solicitor General of Malawi and the Secretary for Justice of Malawi. He seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint without prejudice to his filing an amended complaint.

Plaintiff, a United States citizen, alleges that, on January 22, 1969, he was arrested by the Malawi Government Special Branch in Blantyre, a city in Malawi, because he was believed to be a rebel planning to overthrow the government. He claims that he was transferred to various detention camps, where he was detained and tortured for eight years. Specifically, he was confined to a cell, chained to a wall, and beaten by prison guards. He further alleges that the individuals from the Malawi Government Special Branch "contributed to the death" of his wife and confiscated his property from the district in Malawi where it was located. (Compl. ¶ III.C.) On January 9, 2013, plaintiff filed this case against the Solicitor General of Malawi and the Secretary for Justice of Malawi. He seeks $10 million for the "violation of

[his] rights and freedom." (Id. ¶ III.E.)

The Court grants plaintiff leave to proceed in forma pauperis because he has satisfied the requirements set out in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). Although any factual allegations must be taken as true, courts evaluating the viability of a complaint should "disregard legal conclusions and recitals of the elements of a cause of action, supported by mere conclusory statements." Santiago v. Warminster Twp., 629 F.3d 121, 128 (3d Cir. 2010) (quotations omitted). Furthermore, if an affirmative defense is obvious from the face of the complaint, and if no development of the record is necessary, the Court may dismiss any facially invalid claims sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002); see also Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

The Court understands plaintiff to be bringing claims under

2

the Torture Victim Protection Act of 1991 ("TVPA"), 106 Stat. 73, note following 28 U.S.C. § 1350. The TVPA "authorizes a cause of action against an individual for acts of torture and extrajudicial killing committed under authority or color of law of any foreign nation."[1] Mohamad v. Palestinian Auth., 132 S. Ct. 1702, 1705 (2012) (quotations and alteration omitted) (holding that only "natural persons" may be liable under the TVPA).

In this case, plaintiff sued the Solicitor General of Malawi and the Secretary for Justice of Malawi. Although the "the TVPA contemplates liability against officers who do not personally execute the torture or extrajudicial killing," Mohamad, 132 S. Ct. at 1709, the complaint does not explain how the current Solicitor General and Secretary for Justice are at all responsible for the torture inflicted upon plaintiff from 1969 through 1977. Furthermore, his conclusory allegation that government officials contributed to the death of his wife, without more, does not establish an extrajudicial killing, which is defined by the TVPA as a "deliberated killing not authorized by a previous judgment pronounced by a regularly constituted court . . . ." TVPA § 3(a); see Mamani v. Berzain, 654 F.3d 1148, 1155 (11th Cir. 2011) (claims failed because "[p]laintiffs

---

[1] The TVPA was enacted in 1992. However, courts have held that it applies to conduct that occurred before that date. See Cabello v. Fernandez-Larios, 402 F.3d 1148, 1153-54 (11th Cir. 2005); Cabiri v. Assasie-Gyimah, 921 F. Supp. 1189, 1196 (S.D.N.Y 1996); Xuncax v. Gramajo, 886 F. Supp. 162, 176-77 (D. Mass. 1995).

3

allege[d] no facts showing that the deaths in this case met the minimal requirement for extrajudicial killing—that is, that plaintiffs' decedents' deaths were 'deliberate' in the sense of being undertaken with studied consideration and purpose.").

In any event, plaintiff's claims for damages based on his torture by officials of the Malawian government are time-barred. A ten-year statute of limitations applies to claims under the TVPA. TVPA § 2(c). Here, plaintiff alleges that he was arrested by the Malawi Government Special Branch on January 22, 1969, and tortured for eight years. Accordingly, the complaint reflects that, as of approximately January 22, 1977, plaintiff knew of the events giving rise to his cause of action. However, he did not bring this lawsuit until January 9, 2013, nearly 36 years later. Plaintiff's torture-related claims are therefore time-barred.[2]

A district court should generally provide a pro se plaintiff with leave to amend unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Accordingly, plaintiff will be given the opportunity to file an amended complaint in the event he can cure any of the above deficiencies. An appropriate order follows.

---

[2] Furthermore, nothing in the complaint describes a basis for equitable tolling. See Arce v. Garcia, 434 F.3d 1254, (11th Cir. 2006) (indicating that the TVPA's statute of limitations may be tolled in extraordinary circumstances); see also McPherson v. United States, 392 F. App'x 938, 945 (3d Cir. 2010).

4